IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAMERON MCKINNEY & CARON MCKINNEY, **Plaintiffs,** v. SGT. MURRAY, et al., **Defendants.** | Case No. 25-CV-02196-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on two Motions filed by *pro se* Plaintiffs Cameron and Caron McKinney against the City of Carbondale, Illinois and law enforcement officers Sgt. Murray and Officers Thomas and Gulley: a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 11) and a Motion for Electronic Notice and Service (Doc. 12). Plaintiffs' original Complaint was filed on December 16, 2025. (Doc. 1). In that initial Complaint, they alleged that they were lawful tenants at 700 Lewis Lane, Apt. 905 in Carbondale and that they were unlawfully excluded from this residence by the Defendants on December 17, 2024. (*Id.*, p. 1). They pleaded seven claims for relief: unlawful seizure under the Fourth Amendment, due process violations under the Fourteenth Amendment, failure to intervene, "Monell liability," trespass, conversion, and intentional infliction of emotional distress. (*Id.*, p. 2).

This Court dismissed their Complaint without prejudice and denied Plaintiffs' Motion for Leave to Proceed *in forma pauperis* on December 19, 2025. (*See* Doc. 5).

Plaintiffs were ordered to file a renewed motion for leave to proceed *in forma pauperis* and an amended complaint no later than January 9, 2026. (*Id.*). Plaintiffs were explicitly warned that failure to do so would result in dismissal of their case for failure to prosecute. (*Id.* (citing FED. R. CIV. P. 41(b); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993))). After Plaintiffs failed to submit either, this Court dismissed this case with prejudice on January 12, 2025. (Docs. 7, 8). Plaintiffs filed the instant Motions on February 9, 2026.

## APPLICABLE LEGAL STANDARDS

The Seventh Circuit has expressly stated that, "[g]enerally, Rule 59(e) relief is considered extraordinary." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 528 (7th Cir. 2022). "A motion under Rule 59(e) may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)); *see also Ewing v. 1645 W. Farragut LLC*, 90 F.4th 876, 893 (7th Cir. 2024) (citing *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008)).

Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resol. Tr. Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). The purpose of a motion to alter or amend judgment under

Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989).

## ANALYSIS

In their Rule 59(e) Motion, the McKinneys insist that this Court's dismissal of their case was too harsh a sanction. (Doc. 11, p. 1). They allege via declarations that they mailed the relevant documents via certified mail on January 7 and that because that the documents were delayed while in the custody of the United States Postal Service, that this delay was beyond their control. (*Id.*, *see id.*, Exs. B, C). They argue that "[d]ismissal with prejudice under Rule 41(b) is an extreme sanction reserved for cases involving a clear record of willful delay, contumacious conduct, or bad faith, and only after consideration of lesser sanctions." (*Id.* (citing *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018); *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011))). They cite to *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) for the proposition that dismissal with prejudice is improper when delay is due to circumstances "beyond a party's control." Plaintiffs also cite to *Johnson v. Chicago Board of Education*, 718 F.3d 731, 732–33 (7th Cir. 2013), in which the Seventh Circuit reversed the district court's dismissal of a suit when the *pro se* plaintiff failed to attend a status conference; Plaintiffs insist that this shows that it was an abuse of discretion to dismiss this case. (Doc. 11, p. 2 (citing *Johnson* at 733–34)).

First, this Court notes that Plaintiffs' Rule 59(e) Motion was timely filed within the twenty-eight-day requirement. However, the McKinneys' insistence that they mailed their filings two days prior to the deadline is not availing. "When papers are

mailed to the clerk's office, filing is complete when the papers are received by the clerk." *Strickland v. Wayne Farms-Southland Hatchery*, 132 F. Supp. 2d 1331, 1333 (M.D. Ala. 2001) (citing *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) (per curiam); *Turner v. Singletary*, 46 F.Supp.2d 1238, 1242 (N.D. Fla. 1999)). "Papers arriving after a deadline are untimely even if mailed before the deadline." *Id.* (citing *Clark v. Milam*, 152 F.R.D. 66, 69 (S.D.W. Va. 1993); 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1153 at 443–46 (1987)). In its December 19, 2025 Order, this Court stated *explicitly* that "the Court must *receive* these documents no later than January 9, 2026." (Doc. 5). While incarcerated prisoners proceeding *pro se* have the benefit of the prison mailbox rule (meaning a document is deemed "filed" when handed over to prison staff), non-prisoners do not have the benefit of this rule. *Houston v. Lack*, 487 U.S. 266, 275−76 (1988). Moreover, parties are not reliant upon the U.S. Postal Service to forward their filings; they can file them in person at the Clerk's Office during business hours. Plaintiffs "should be required to assume some minimum responsibility . . . for an orderly and expeditious resolution of [their] dispute." *Strickland*, 132 F. Supp. 2d at 1333 (quoting *Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir. 1983)).

Additionally, the receipt provided by Plaintiffs (Doc. 11, Ex. A-1) lists the estimated delivery date as January 12, 2026, not January 9, 2026. Plaintiffs admit that "this estimate was not a guarantee of late delivery and did not establish that the filing would miss the January 9 deadline." (*Id.*, p. 2). This argument is not persuasive as Plaintiffs' hope that their documents would be delivered before their estimated delivery date is not a strategy. Put another way, the receipt is explicit proof that, at

the time of mailing, Plaintiffs had notice and were aware that their documents would not arrive by the January 9 deadline.[1] The image of the receipt itself does not show the date of the transaction, but the provided tracking number indicates that the U.S. Postal Service took custody of the package on January 7, 2026 in Marion, Illinois. *See* USPS TRACKING, USPS.COM, https://tools.usps.com/go/TrackConfirmAction_input?origTrackNum=9500113562366007585132 [https://perma.cc/HUX9-JDHH] (last visited Feb. 9, 2026) (tracking number 9500113562366007585132). However, the tracking number shows that the package associated in question was mailed to Chicago, Illinois and arrived on January 14, 2026. *See id.* There is a *different* tracking number listed later in Plaintiff's filings (Doc. 11, Ex. A-2); a search of this separate tracking number also shows that the associated package was mailed on January 7, 2026 and appears to indicate that the package is "lost" in the Postal System. *See* USPS TRACKING, USPS.COM, https://tools.usps.com/go/TrackConfirmAction_input?origTrackNum=9589071052702449080343 [https://perma.cc/74Z3-PTZ7] (last visited Feb. 9, 2026) (tracking number 9589071052702449080343). This Court, to date, has not received the documents in question. Considering the above, it appears that Plaintiffs sent an image of the wrong receipt and that the relevant documents are, indeed, lost in the mail system as of February 9, 2026.

That aside, Plaintiffs' original Complaint was mailed from 317 S. Birch Lane, Carbondale, IL 62901 yet this Court's December 19, 2025 Order was returned as

---

[1] Curiously, their electronically signed declarations purport to be executed on January 7 (*id.*, Exs. B, C), yet it is unclear why the Plaintiffs would have prepared written declarations discussing potential delays if they truly believed that their filings would arrive by January 9.

undeliverable when mailed to that address. (*See* Doc. 10). Plaintiffs' Consent/Non-Consent to Magistrate Judge Jurisdiction Form[2] was mailed from 104 Twin Lakes Drive, Carterville, IL 62918; their pending Motion for Electronic Notice and Service lists that same address. (Docs. 9, 12). Plaintiffs are required to inform this Court of all changes in their addresses pursuant to Local Rule 3.1(b)(2); failure to do so within fourteen days is stated to "result in dismissal of the case or other sanctions." *Id.* Furthermore, while this Court would be concerned about lack of notice of this Court's December 19, 2025 Order, Plaintiffs do not allege in their Rule 59(e) Motion or in their declarations that they did not receive a copy of this Court's December 19, 2025 Order, only that they mailed their amended complaint on January 7.

All of this aside, even if Plaintiffs' amended complaint had been timely filed, it would not survive preliminary screening pursuant to 28 U.S.C. § 1915. To begin, this Court notes that once an amended pleading is filed, it supersedes the previous pleading entirely. "The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes functus officio." *Nisbet v. Van Tuyl*, 224 F.2d 66, 71 (7th Cir. 1955). The Seventh Circuit has held that it is proper for a District Court to limit its analysis to the allegations raised in the operative complaint only. *See Reid v. Payne*, 841 F. App'x 1001, 1003 (7th Cir. 2021); *see also Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). *But see Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782–83 (7th Cir. 2013). Unfortunately for Plaintiffs, their proposed amended complaint (Doc. 11, Ex. D) contains even fewer

---

[2] This document lists different Defendants from the instant action and may reflect a separate case not in this District. (*See* Doc. 9).

factual details than their previous Complaint and, therefore, does not survive scrutiny for the same reasons. (*See* Docs. 1, 11, Ex. D). Their amended complaint is approximately two pages long, does not provide any factual details (e.g., dates, times, actions, details of the personal property at issue, etc.), does not state which claims they intend to bring against which defendants, and does not specify their entitlement to damages. (*See* Doc. 11, Ex. D). Thus, Plaintiffs' amended complaint fails to provide a short and plain statement for relief and simple, concise, and direct allegations and fails to clearly allege *how* the facts underlying each claim apply to *each* Defendant. *See* FED. R. CIV. P. 8, 10; (Doc. 7, pp. 7–8 (citing the same)). Moreover, Plaintiffs' Amended Complaint does not cure any of the defects this Court raised in its December 19, 2026 Order. (*See* Doc. 5, pp. 5–6). As a separate yet related issue, Plaintiffs also failed to file a renewed motion for leave to proceed *in forma pauperis* by the deadline or to pay the applicable filing fee; Plaintiffs do not address this fact in any of their filings.

To summarize, Plaintiffs (1) failed to file their amended complaint by the deadline, (2) were clearly aware at time of mailing that it would not arrive by the deadline, (3) failed to notify the Court of their apparent change in address, and (4) failed to file a renewed motion for leave to proceed *in forma pauperis*. Recall that "[a] Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citing *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). It would be an abuse of discretion for this Court to "come to

a conclusion that no other reasonable person would reach." *Cincinnati Life*, 722 F.3d at 956. As discussed *supra,* even if Plaintiffs had timely filed their amended complaint, it would still be dismissed pursuant to 28 U.S.C. § 1915 for noncompliance with Federal Rules of Civil Procedure 8 and 10 and for failure to cure the manifest deficiencies noted in this Court's December 19, 2025 Order. (Doc. 5).

Recall that § 1915(e)(2) expressly states that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal" either "is frivolous or malicious" or "fails to state a claim on which relief may be granted." The Seventh Circuit has defined "frivolous" as "lack[ing] an arguable basis either in law or in fact." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). This is certainly the case here. Moreover, this Court is satisfied that Plaintiffs have had sufficient opportunities to litigate this case. *See Williams v. United States*, No. 22-3121, 2023 WL 5201740, at *2 (7th Cir. Aug. 14, 2023) (citing *Zimmerman v. Bornick*, 25 F.4th 491, 493–94 (7th Cir. 2022)) ("[P]laintiffs are ordinarily entitled to at least one chance to amend their complaints after a dismissal, unless amendment would be futile."); *see Raveling v. HarperCollins Publishers Inc.*, No. 04-2963, 2005 WL 900232, at *7 (7th Cir. Mar. 4, 2005) (affirming district court's denial of leave to amend where plaintiff's proposed amended complaint would not have survive a motion to dismiss). Therefore, this Court declines to modify its January 12, 2026 dismissal of this case.

## CONCLUSION

Therefore, Plaintiffs Cameron and Caron McKinney's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 11) is **DENIED**. Plaintiffs' Motion for Electronic Notice and Service (Doc. 12) is **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED:  February 10, 2026**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
