IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAMERON MCKINNEY & CARON MCKINNEY, **Plaintiffs,** v. SGT. MURRAY, et al., **Defendants.** | Case No. 25-CV-02196-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on four Motions filed by *pro se* Plaintiffs Cameron and Caron McKinney: a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) and Request for Indicative Ruling Under Rule 62.1 (Doc. 14), two Motions for Leave to Appeal *in forma pauperis* ("IFP") (Docs. 16, 19), and a renewed Motion for Electronic Notice and Consent to Electronic Service (Doc. 22).

On December 16, 2021, the Plaintiffs filed an initial Complaint against the City of Carbondale, Illinois and law enforcement officers Sgt. Murray and Officers Thomas and Gulley. (Doc. 1). In that initial Complaint, they alleged that they were lawful tenants at 700 Lewis Lane, Apt. 905 in Carbondale and that they were unlawfully excluded from this residence by the Defendants on December 17, 2024. (*Id.*, p. 1). They pleaded seven claims for relief: unlawful seizure under the Fourth Amendment, due process violations under the Fourteenth Amendment, failure to

intervene, "Monell liability," trespass, conversion, and intentional infliction of emotional distress. (*Id.*, p. 2).

This Court dismissed their Complaint without prejudice and denied Plaintiffs' Motion for Leave to Proceed *in forma pauperis* on December 19, 2025. (*See* Doc. 5). Plaintiffs were ordered to file a renewed motion for leave to proceed *in forma pauperis* and an amended complaint no later than January 9, 2026. (*Id.*). Plaintiffs were explicitly warned that failure to do so would result in dismissal of their case for failure to prosecute. (*Id.* (citing FED. R. CIV. P. 41(b); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993))). After Plaintiffs failed to submit either, this Court dismissed this case with prejudice on January 12, 2025. (Docs. 7, 8). Plaintiffs next filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 11) and a Motion for Electronic Notice and Service (Doc. 12) on February 9, 2026. This Court denied both Motions on February 10, 2026. (Doc. 13). Plaintiffs filed their Rule 60(b) Motion and the two pending IFP Motions on February 24, 2026. (Doc. 14, 16). Plaintiffs filed a Notice of Appeal (Doc. 15) on the same date. The McKinneys later filed the pending Motion for Electronic Notice and Consent to Electronic Service on March 2, 2026. (Doc. 22).

## APPLICABLE LEGAL STANDARDS

The Seventh Circuit has stated that "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (quoting *Dickerson v. Board of Educ.*, 32 F.3d 1114 (7th Cir. 1994)); *see Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Foster*

*v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)). Rule 60(b) states that a party may seek relief from a judgment for one or more of the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." The Seventh Circuit has held that "[r]elief under the Rule 60(b)(6) catchall 'requires extraordinary circumstances.'" *Daniels v. Hughes*, 147 F.4th 777, 786 (7th Cir. 2025) (citing *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 214 (2025)). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal via direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Moreover, when a district rejects an excusable neglect argument, it must take "account of all relevant circumstances surrounding the party's omission" in an equitable manner. *Raymond v. Ameritech Corp.*, 442 F.3d 600 (7th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). These factors include "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Pioneer*, 507 U.S. at 395).

## ANALYSIS

Before delving into the analysis here, this Court must address the issue of jurisdiction. "A notice of appeal normally 'divests the district court of its control over

those aspects of the case involved in the appeal.'" *Teen v. Hale*, No. 18-CV-01473-JPG, 2021 WL 1736926, at *1 (S.D. Ill. May 3, 2021) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000)). Federal Rule of Appellate Procedure 4(a)(4)(A) states that "the time to file an appeal runs for all parties" from the entry to the order disposing of, *inter alia*, motions brought pursuant to Federal Rules of Civil Procedure 59 and 60. *Florian v. Sequa Corp.*, 294 F.3d 828, 830 (7th Cir. 2002) (citing FED. R. APP. P. 4(a)(4)). Until then, "the appeal is suspended—dormant—unripe." *Id.* at 829 (citing *Otis v. City of Chicago*, 29 F.3d 1159, 1166 (7th Cir. 1994) (en banc); *United Comput. Sys., Inc. v. AT & T Corp.*, 291 F.3d 1150, 1153 (9th Cir. 2002); *Miles v. Gen. Motors Corp.*, 262 F.3d 720, 722–23 (8th Cir. 2001); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1034 (D.C. Cir. 2000); FED. R. APP. P. 4 advisory committee's note to 1993 amendment). Therefore, even though the Plaintiffs filed a Notice of Appeal, this Court still has jurisdiction to adjudicate the pending Rule 60(b) Motion. Additionally, Rule 62.1(a) of the Federal Rules of Civil Procedure provides this Court with the authority to "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

In their Rule 60(b) Motion, the McKinneys once again insist that this Court's dismissal of their case was too harsh a sanction. (Doc. 14, p. 1). They insist that they did not receive this Court's December 19, 2025 Order (Doc. 5) before the January 9 deadline; they state that they learned of the deadline via the Clerk's Office on January 7, 2026 and insist that they mailed the required documents on the same day.

(Doc. 14, p. 1). They once more assert that their "failure to comply with the January 9 deadline was not willful and resulted from lack of notice and circumstances outside Plaintiffs' control." (*Id.*). Without citing caselaw, they argue that "[r]elief is appropriate under Rule 60(b)(1) for mistake, inadvertence, or excusable neglect, and under Rule 60(b)(6) for extraordinary circumstances" where the "[l]ack of notice of a court order and prompt corrective action constitute grounds for relief under Rule 60(b)." (*Id.*).

First, Plaintiffs already filed a Rule 59(e) Motion in which they made the same arguments. (Doc. 11). This Court considered all of these arguments at length in its February 10, 2026 Order (Doc. 13). Crucially, this Court discussed Plaintiffs' arguments regarding delayed mail service in detail. (*Id.*, pp. 3–6). This Court also noted its concerns regarding lack of notice of this Court's December 19, 2026 Order (Doc. 5). (*Id.*, p. 6). This Court held that Plaintiffs "(1) failed to file their amended complaint by the deadline, (2) were clearly aware at time of mailing that it would not arrive by the deadline, (3) failed to notify the Court of their apparent change in address, and (4) failed to file a renewed motion for leave to proceed *in forma pauperis*." (*Id.*, p. 7). Recall that the receipt provided by Plaintiffs (*id.*, Ex. A-1) listed their parcel's estimated delivery date as January 12, 2026. This Court found the Plaintiffs' argument regarding the *possibility* of early delivery unpersuasive; put another way, the likelihood of late delivery is not a circumstance outside Plaintiffs' control. (Doc. 13, p. 4 (citing Doc. 11, p. 2)). Also, recall that the reason that the McKinneys did not receive notice of this Court's December 19, 2025 Order (Doc. 5)

was because they failed to update their address with this Court in accordance with Local Rule 3.1(b)(2). (Doc. 5, p. 6 (citing the same)).

However, these issues aside, this Court expressly stated that "even if Plaintiffs' amended complaint had been timely filed, it would not survive preliminary screening pursuant to 28 U.S.C. § 1915." (*Id.*, p. 6). Plaintiffs' proposed amended complaint failed to comply with Rules 8 and 10 and failed to correct any of the deficiencies this Court noted in its December 19, 2025 Order. (Docs. 5, 13). Plaintiffs do not discuss any of these issues in their pending Motions; put another way, while the Plaintiffs take issue with the dismissal of their case, they do not dispute that their proposed amended complaint would have been dismissed even if it had been timely filed. (Doc. 13).

Additionally, this Court notes that while the pending Motions are electronically signed, they do not comply with Federal Rule of Civil Procedure 11(a) because the McKinneys did not include their "the signer's address, e-mail address, and telephone number." This is especially concerning because this Court previously noted the inconsistencies in the Plaintiffs' address of record and their failure to file a notice of change of address at any point. (*See* Doc. 11).

To consider the *Pioneer* factors, the Defendants are not prejudiced because service of process was not conducted. Second, while the McKinneys did attempt to comply by the January 9 deadline, their Rule 59(e) Motion (Doc. 11) was not received until February 9, 2026, exactly twenty-eight days after this Court's January 12, 2026 order (Doc. 7). Put another way, The McKinneys did not file a motion for extension of time, either before the expiration of the deadline or afterward. Moreover, their

proposed first amended complaint would have been dismissed even if timely filed. (Doc. 13, pp. 6–7). Third, this Court finds that the delay was within reasonable control of the McKinneys as the failure of notice was due to (1) failure to notify the Court of their change in address and (2) failure to file their paperwork with the Clerk's Office prior to expiration of the deadline. Fourth, while the McKinneys insist that they acted in good faith, "'the district court need not show repeated, wilful and recalcitrant conduct' to enforce its deadlines." *Raymond*, 442 F.3d at 607 (quoting *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992)).

Therefore, considering all of the above, this Court finds that the McKinneys' behavior does not constitute excusable neglect and, accordingly, Plaintiffs' Motion for Reconsideration (Doc. 14) shall be denied. To the extent that Plaintiffs request an indicative ruling pursuant to Rule 62.1, this Court takes option (2) in denying the Motion. Moreover, this Court finds that the McKinneys do not raise a substantial question.

The McKinneys also filed two Motions for Leave to Appeal *in forma pauperis* ("IFP"). (Docs. 16, 19). The first of these Motions includes this District's form affidavit; the second is a brief, one-page Motion outlining the McKinneys' arguments in support of their Motion. (*See* Docs. 16, 19). When deciding a motion to appeal IFP, the Court must determine whether the appeal is taken in good faith. An appeal is taken in good faith if it seeks review of an issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2009) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). The motion to appeal IFP must be supported by an affidavit that: (1)

shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See* FED. R. APP. P. 24(a)(1). The Plaintiffs' affidavit states that Caron McKinney is paid approximately $4,200 per month (before taxes), that the McKinneys' rent is $1,100 per month, and that they support five minor children. (Doc. 16, pp. 1–2). This amount in income does not indicate that the McKinneys are indigent and unable to pay the requisite filing fee. Therefore, their Motions to Proceed on Appeal *in forma pauperis* shall both be denied.

Finally, in accordance with Local Rule 5.1(b)(2), the McKinneys' Motion for Electronic Notice and Consent to Electronic Service (Doc. 22) shall be granted.

## CONCLUSION

Therefore, Plaintiffs Cameron and Caron McKinney's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) and Request for Indicative Ruling Under Rule 62.1 (Doc. 14) and Motions for Leave to Appeal *in forma pauperis* (Docs. 16, 19) are all **DENIED**.

Additionally, the Plaintiffs' Motion for Electronic Notice and Consent to Electronic Service (Doc. 22) is **GRANTED**. *See* Local Rule 5.1, Electronic Case Filing Rule 1. Plaintiffs are hereby granted access to the District Court's electronic case filing system with respect to this case. Plaintiffs are **ADVISED** that the Clerk's Office will no longer mail them paper copies of documents that are filed in this case. In order to access the system, Plaintiffs must first enroll to use CM/ECF in the Southern District of Illinois by obtaining a personal PACER account at: https://www.pacer.gov, as this District uses the NextGen version of CM/ECF. Plaintiffs must then complete

the application for "Non-Attorney E-File Registration" located on the Maintenance Tab within their personal PACER accounts. For more information regarding *pro se* filings via the CM/ECF system, see Electronic Case Filing Rules 1 and 2 and this Court's *Pro Se* Litigant Guide available on the Court's website.

**IT IS SO ORDERED.**

**DATED:  March 5, 2026**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
